# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BURGESS, | CASE NO. 08-cv-1287 LJO GSA |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| vs. | |
| W.M. BOLTHOUSE FARMS, INC, | Expert Disclosure: August 15, 2009 |
| | Supplemental Expert Disclosure: September 4, 2009 |
| Defendant. | Non-Expert Discovery Cutoff: July 31, 2009 |
| | Expert Discovery Cutoff: September 30, 2009 |
| | Pretrial Motion Filing Deadline: November 30, 2009 |
| | Pretrial Motion Hearing Deadline: December 30, 2009 |
| | Settlement Conf.: Date: Jan. 14, 2010 Time: 10:30 a.m. Dept: 10 (GSA) |
| | Pretrial Conf.: Date: Feb. 10, 2010 Time: 8:30 a.m. Dept.: 4 (LJO) |
| _____ / | Jury Trial: (3-4 days est.) Date: March 29, 2010 Time: 9:00 a.m. Dept.: 4 (LJO) |

1

This Court conducted a January 23, 2009 scheduling conference. Plaintiff Anthony Burgess, appeared telephonically by counsel Randall Rumph. Defendant W.M. Bolthouse appeared telephonically by counsel John Szewczyk. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1.  Consent To Magistrate Judge**

The parties do not consent to the conduct of all further proceedings, including trial, before a United States Magistrate Judge.

**2.  F.R.Civ.P. 26(a)(1) Initial Disclosures**

The parties will complete their respective F.R.Civ.P. 26(a)(1) initial disclosures by **February 20, 2009.**

**3.  Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **August 15, 2009.** Supplemental expert witness disclosures by any party shall be served no later than **September 4, 2009.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence for failure to strictly comply with F.R.Civ.P. 26(e).

**4.  Discovery Cutoffs**

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **July 31, 2009.**

**5.  Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive shall be served <u>and filed</u> no later than **November 30, 2009.** All pretrial dispositive and nondispositive motions shall be set before the appropriate judge for a hearing to be conducted no later than **December 30, 2009.**

1        At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

2 **6.     Mandatory Settlement Conference**

3        This Court sets a settlement conference for **January 14, 2010 at 10:30 a.m.** in Department 10
4 (GSA) before United States Magistrate Judge Gary S. Austin. Unless otherwise permitted in advance
5 by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties
6 and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the
7 conference.

8        **No later than five Court days before the settlement conference,** each party shall submit
9 <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement.
10 This statement shall be e-mailed in word perfect or word format to chambers at
11 gsaorders@caed.uscourt.gov. This statement <u>should neither be filed with the clerk of the Court nor
12 served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and
13 time of the mandatory settlement conference indicated prominently. Counsel are urged to request the
14 return of their statements. If such request is not made, the Court will dispose of the statement.

15        The confidential settlement conference statement shall include the following:

16        A.     A brief statement of the facts of the case;

17        B.     A brief statement of the claims and defenses (i.e., statutory or other grounds upon which
18 the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the
19 claims and defenses, and a description of the major issues in dispute;

20        C.     A summary of the proceedings to date;

21        D.     An estimate of the cost and time to be expended for further pretrial and trial matters,
22 including discovery;

23        E.     The relief sought; and

24        F.     The party's position on settlement, **including the amount which or otherwise what the
25 party will accept to settle, realistic settlement expectations**, present demands and offers, and a history
26 of past settlement discussions, offers, and demands.

27        This Court will vacate the settlement conference if the Court finds the settlement conference will
28 be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of

the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**7.     Pretrial Conference**

A pretrial conference is set for **February 20, 2010 at 8:30 a.m.** in Department 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness and exhibits lists, objections thereto, and other trial documents.

**8.     Trial Date**

A 3-4 day jury trial is set for **March 29, 2010 at 9:00 a.m.** in Department 4 (LJO) of this Court.

**9.     Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:   **January 26, 2009**                    **/s/ Gary S. Austin**

1                                                                      **UNITED STATES MAGISTRATE JUDGE**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28