1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

ANTHONY BURGESS, an individual,                    Case No. 08-cv-1287 LJO GSA

12

                  Plaintiff,                    ORDER GRANTING PLAINTIFF'S

13

    vs.                                            MOTION TO COMPEL IN PART

14

WM. BOLTHOUSE FARMS INC., and

15

DOES 1through 5.

                        (Doc. 12)

16

             Defendants.

17

                           /

18

## I. Introduction

19

        On October 29, 2009, Anthony Burgess ("Plaintiff") filed the instant Motion to Compel

20

seeking to compel a response to a Request for Production of Documents.  (Doc. 12). On November

21

20, 2009, WM. Bolthouse Farms Inc., ("Defendant") filed an opposition to the motion.  On

22

November 25, 2009, Plaintiff filed a reply.  (Doc. 16).  On December 1, 2009, Plaintiff filed a

23

Statement Regarding Discovery Dispute. (Doc. 17).[1]  Based on a review of the pleadings, the Court

24

determined that the matter was suitable for decision without oral argument pursuant to Local Rule

25

26

     [1] The parties did not file Joint Statement Regarding Discovery Disagreements ("Joint Statement") in compliance with Local Rule 37-251(c).  In the pleadings, each party indicated that there were unsuccessful attempts to contact the other party to coordinate the preparation of the document.  The parties are advised that the Court ruled on the motion in the absence of the Joint Statement on this occasion because the pleadings outlined the parties' positions.  However, the Court  will not do so in the future.  The Local Rules of this Court are not advisory guidelines but are mandatory requirements that must be complied with.

27

28

78-230 (h).  Upon consideration of the pleadings, Plaintiff's Motion to Compel is GRANTED IN PART.

## II.  Relevant Background

On August 29, 2008, Plaintiff filed the instant complaint alleging racial discrimination. Plaintiff, a white male, alleges coworkers were harassing him because of his race.  Plaintiff alleges he complained to management about the harassment, but the harassment continued.  Plaintiff filed a claim with the Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC").  Shortly thereafter, Plaintiff was fired.  Plaintiff alleges that he was fired because he filed the racial harassment complaints.

Based on the above, the complaint alleges causes of action for racial harassment and retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq (hereinafter, "Title VII"), the California Government Code § 12000 et seq. (the California Fair Employment and Housing Act), and 42 U.S.C. §§ 1981.  Plaintiff is requesting economic damages, emotional distress and mental anguish damages, punitive damages, attorney's fees and costs, and other relief the court deems proper.

## III.  Plaintiff's Motion to Compel

Plaintiff's motion seeks to compel the production of the personnel file of Mr. Solis, Plaintiff's coworker and alleged harasser.[2] Plaintiff argues that this file is relevant to both his race discrimination and retaliation claims because the file may contain information regarding previous complaints about Mr. Solis.  Additionally, Plaintiff argues the file is necessary to resolve a factual

---

[2] The specific request and objections are as follows :

Request
All documents, records, and things which relate to Kevin Soils [sic] in any manner, including but not limited to his employee file, and any documents relating to complaints made against him by any of defendant's other employees.

Objection
As phrased this Request invades the personal privacy rights of Kevin Solis (which appears in the request as "Soils") held with regard to his employment records.  Defendant is not in a position to waive  privacy rights at this time. Subject to said objections, and without waiving the same, defendant responds as follows :

Defendant has possession of the personnel file of Kevin Solis. Defendant is willing to produce said file either upon presentation of a signed waiver by Mr. Solis, or if the records are subpoenaed, with Mr. Solis being apprised of the request for the same and being given the opportunity to appear and object to said production.

1    dispute about the investigation which led to Plaintiff's firing.  Specifically, after Plaintiff made his

2    complaints, Defendant assigned Plaintiff's supervisor, Mr. Kent Ellis, to conduct an investigation.

3    In the course of the investigation, Mr. Ellis contended that Plaintiff admitted to engaging in

4    horseplay with Mr. Solis and others which violated safety protocols.  Defendants allege that this

5    violation was the basis of the termination of Plaintiff's employment.

6         Plaintiff challenges the veracity to the investigation because he contends he never engaged in

7    this unsafe conduct, nor did he ever tell Mr. Ellis that he had done so.  Plaintiff argues that Mr. Ellis

8    and Mr. Solis are friends and that there is a history of Mr. Ellis helping Mr. Solis retain his

9    employment in the past.[3]  Plaintiff argues that Mr. Ellis may have fabricated information to protect

10   Mr. Solis again.  Plaintiff contends that Mr. Solis'personnel file is relevant to examine the

11   relationship between Mr. Ellis and Mr. Solis, as well as to determine whether Mr. Solis was

12   disciplined as a result of this incident.

13        Defendant argues that it is prevented from unilaterally producing Mr. Solis' personnel file

14   without Mr. Solis' consent or a court order.  Moreover, Defendants allege that Plaintiff was

15   terminated for engaging in horseplay with an employee other than Mr. Solis.  Defendant believes it

16   has turned over all relevant documents to Plaintiff's request and producing Mr. Solis' personnel file

17   would result in a violation of privacy.  Further, the information in the file would be inadmissible at

18   trial.  Finally, Defendant argues that Plaintiff could obtain the information from other sources

19   including obtaining a release from Mr. Solis, but Plaintiff failed to do so.  Defendants request that

20   the Court deny Plaintiff's request, or alternatively, that the Court conduct an *in camera* review of the

21   file if it determines that some of the documents would be discoverable.

22   **IV.    Discussion**

23                          **A.  The Scope of Discovery**

24        Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

25             Parties may obtain discovery regarding any matter, non privileged, that is
               relevant to any party's claim or defense, including the existence, description,
26             nature, custody, condition, and location of any books, documents, or other
               tangible things and the identity and location of persons having knowledge of

27

28             [3] Both Mr. Solis and Mr. Ellis are African American.

any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action.  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

The main thrust of Defendant's argument in support of withholding the file centers around privacy considerations.  There are conflicting views regarding the extent privacy considerations apply in cases such as this one, where federal question cases and pendent state claims are present. Some courts have found that when resolving discovery disputes in these cases, state privilege law can be looked upon for guidance when it is consistent with its federal law equivalent, however, federal law is ultimately binding. See, Gearhart v. Solano County, 2008 WL 2560703 (E.D. Cal. 2008); Pagano v. Orovill Hospital, 145 F.R.D. 683, 687 (E.D. Cal. 1993); Martinez v. City of Stockton, 132 F.R.D. 677, 681-683 (E.D. Cal. 1990).  Other courts have held that only federal privilege law controls. See, Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (holding state privilege law does not apply in federal question cases, and federal law governs even when pendent state claims exist); Burrows v. Redbud Community Hospital District, 187 F.R.D. 606, 610-611 (N.D. Cal. 1998) (same).

Notwithstanding the above, privacy rights are generally recognized by federal courts. Johnson v. Thompson, 971 F. 2d 1487, 1497 (10th Cir. 1992); DeMasi v. Weiss, 669 F. 2d 114, 119-120 (3rd. Cir. 1982).  Moreover, federal courts have recognized a person's interest in preserving confidentiality of information contained in his or her personnel file.  Nakagawa v. Regents of University of California, 2008 WL 1808902, *2 (N.D.Cal. Apr. 22, 2008).  However, this does not excuse Defendant from its obligation to produce relevant evidence in this case.  In fact, the right of privacy is not absolute and may be subject to invasion depending on the circumstances. Oakes v.

4

1   Halvorsen Marine Ltd., 279 F.R.D. at 284.  Thus, privacy concerns are not an absolute bar to

2   discovery, but instead are subject to the balancing of needs.  F. Jadwin, D.O. County of Kern, 2008

3   WL 2916386 at *1 (E.D. Cal., July 28, 2008); Ragge v. MCA/Universal Studios,165 F.R.D. 601,

4   605 (C.D. Cal. 1995). In this case, any privacy concerns can be addressed by restricting the type of

5   information released and with a protective order that any documents submitted to the Court shall be

6   filed under seal.

7          The Court is similarly unpersuaded by Defendant's arguments that information contained in

8   the file will not be admissible at trial.  "Generally speaking, the purpose of discovery is to remove

9   surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their

10  dispute.  Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all

11  information reasonably calculated to lead to discovery of admissible evidence; but the discoverable

12  evidence need not be admissible at trial."  Ragge v. MCA/Universal Studio, 165 F.R.D. at 603.

13  Ultimate admissibility of the information will be reserved for the trial judge at the time of trial.

14         In this case, information relating to any previous complaints of harassment by Mr. Solis, as

15  well as any information relating to Mr. Ellis' past involvement with Ms. Solis' employment actions

16  are relevant given Plaintiff's allegations of racial harassment and retaliation.  This information is

17  also relevant for purposes of assessing Mr. Ellis' credibility and any potential bias.  However, the

18  Court also recognizes that Mr. Solis' personnel file may contain information including personal

19  information such as rates of compensation, personal earnings, and other incidents of discipline.

20  Thus, the Court must balance the interests of both parties.

21         Therefore, Defendant shall not be required to produce Mr. Solis' entire personnel file.

22  Instead, Defendant shall produce any document or other information it has in its possession (whether

23  or not it is in the personnel file), up until the present date, that relates to any misconduct involving

24  claims of discriminatory or harassing conduct by Mr. Solis.  This includes all substantiated claims, as

25  well as any claims which were ultimately determined to be unfounded.[4]  Additionally, Defendant

26  shall produce any document or other information in its possession that relates to Mr. Solis'

27

28
        [4] This also includes providing the names of any claimants making allegations against Mr. Solis.

employment actions in which Mr. Ellis played a role, regardless of whether the action related to complaints of harassment.  Defendant may redact personal identification information such as social security numbers, birth dates, etc... from the material if necessary to protect Mr. Solis' privacy. Additionally, all of the information will be subject to a stipulated protective order to further limit any privacy considerations.

**V.      Conclusion and Order**

For the reasons discussed above, this Court orders the following:

1) Plaintiff's Motion to Compel is granted IN PART as outlined above;

2) The parties are directed to meet and confer and submit a suitable stipulated protective order to the Court **within five days of this order.**  The protective order shall include language that any documents or information submitted to the Court shall be submitted under seal pursuant to Local Rules 39-140 and 39-141 in order to preserve its confidentiality;

3) Defendant shall produce any relevant documents consistent with this  order within ten days; and

4) Defendant shall provide Plaintiff with a statement that it has provided all documents responsive to this Court's order and a certification pursuant to Rule 26(g) indicating that the response is complete and correct as of the time it was made and no other information exists.

IT IS SO ORDERED.

Dated:   **December 8, 2009**                          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE