Arnold J. Anchordoquy, SBN 56449
John R. Szewczyk, Esq., SBN 109981
CLIFFORD & BROWN
A Professional Corporation
Attorneys at Law
Bank of America Building
1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301-5230
Telephone: (661) 322-6023
Facsimile : (661) 322-3508

Attorneys for Defendant, WM. BOLTHOUSE FARMS, INC.

UNITED STAES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| ANTHONY BURGESS, an individual, | CASE NO.1:08-CV-01287-LJO-GSA |
| Plaintiff, | |
| vs. | ORDER REGARDING STIPULATION FOR PRODUCTION OF THIRD PARTY RECORDS PRODUCED IN RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMETNS |
| WM. BOLTHOUSE FARMS, INC., DOES 1 through 5, | |
| Defendants. | |

Based upon the Stipulation of the parties addressing the issue of the production of third party employment records of Kevin Solis, and consistent with the order of the Court in this matter entered in connection with Plaintiff's Motion to Compel Further Response to First Set of Requests For Production of Documents, and more particularly, the personnel files of Kevin

Solis, the parties, through their counsel of record:

IT IS HEREBY ORDERED,

1) That Kevin Solis' social security number, his bank accounts numbers and his personal residence information, as well as such information of other third parties contained within his personnel files, are hereby designated as confidential third party information that is subject to this terms of the parties' stipulated Protective Order and shall be deleted from the files produced.

2) That the remaining portions of Kevin Solis personnel files which are produced may be shown, or its contents disclosed only to the following persons:

   a) Counsel of record in this action and counsel's agents and employees;

   b) Any expert used as consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case; and

   c) The parties to this action and their agents and employees.

3) That any third party information subject to the terms of the parties' stipulated Protective Order, or any information derived therefrom, shall be used solely for the purpose of assisting counsel of record in connection with this litigation.

4) That the parties have reserved their right to object to the disclosure of any information on any ground that they may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of this Protective Order on a showing of good cause.

5) That if third party information subject to this protective order is improperly disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent disclosure by said authorized person(s).

6) That prior to commencement of trial the parties' will enter into mutually agreeable stipulations and protective orders with respect to any third party information subject to

this protective order to be disclosed during trial.  Any unresolved disputes shall be resolved in accordance with the applicable Federal Rules of Civil Procedure and Evidence.  Any party intending to utilize any third party information subject to this protective order in a law and motion matter or at trial should lodge the document under in a sealed envelope appropriately labeled pursuant to Local Rules 39-140 and 39-141 so as to preserve its confidentiality. The Court shall thereafter make a determination regarding whether a privilege exists that precludes the use of the document or other information as evidence in determining what safeguards should be utilized if the information is to be considered as evidence.

**IT IS SO ORDERED**.


DATED: January 4, 2010               /s/ Gary S. Austin
                                     Honorable Gary S. Austin
                                     U.S. District Court Judge